IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONY J. WINKLER and VICTOR P. BONILLA, on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| | § | CIVIL ACTION NO. _____ |
| V. | § § | |
| SUNBELT RENTALS, INC. | § § | |
| Defendant. | § | |

## COMPLAINT

Plaintiffs, Tony Joe Winkler ("Winkler") and Victor Perez Bonilla, ("Bonilla") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Complaint against Sunbelt Rentals, Inc. ("Sunbelt" or "Defendant"), showing in support as follows:

### I.     INTRODUCTION AND SUMMARY

1.     This is a lawsuit to recover unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., on behalf of equipment rental store employees who work/worked for Defendant as customer service representatives, dispatchers, laborers, drivers and/or assistant store managers.

2.     The relevant time period of this lawsuit is from three years preceding the date this lawsuit was filed forward.

3.     Plaintiffs are/were equipment rental store employees of Defendant and are/were entitled to overtime compensation for all hours worked over 40 in each and every workweek. However, Defendant failed to pay Plaintiffs overtime compensation for all overtime hours worked.

4.      Defendant has a company-wide practice/policy to require/permit equipment rental store employees to work off-the-clock whereby those employees are not paid for all compensable work time.  For example, Defendant's typical store hours are from 7:00 am to 5:00 pm Monday through Friday[1] and store employees are generally not allowed to "clock-in" for pay purposes until 7:00 am and are generally required to "clock-out" at 5:00 pm.  However, Defendant requires/permits those employees to be present for work well in advance of 7:00 am – typically at 6:30 am - to begin preliminary work activities in commencement of the workday.  Similarly, Defendant requires/permits employees to work past the "clock-out" time of 5:00 pm in connection with postliminary work activities.  The preliminary and postliminary work performed by equipment rental store employees is integral and indispensable to those store employees' principal work activities and/or is pursued primarily for the benefit of the Defendant.  This improper practice/policy results in rental store employees, such as Plaintiffs and the putative class members, not being paid overtime compensation for all hours worked over 40 in a workweek.

5.      Defendant also has a company-wide practice/policy to not compensate equipment rental store employees for all hours worked in connection with Defendant's 24 hour per day "after hours" service operations.  This improper practice/policy results in equipment rental store employees, such as Plaintiffs and the putative class members, not being paid overtime compensation for all hours worked over 40 in a workweek.

6.      Finally, Defendant has a company-wide practice/policy to make improper lunch break deductions from compensation in violation of the FLSA.  Although equipment rental store

---

[1] On information and belief, Plaintiffs allege that some of Defendant's stores, in addition to being open Monday through Friday 7:00 am to 5:00 pm, are also open on Saturday for several hours, generally 7:00 am to 3:00 pm.

employees regularly perform work for Defendant during their lunch period and are frequently not provided at least a 30 minute uninterrupted lunch break, Defendant nevertheless typically deducts one hour per workday for a lunch break regardless of whether or not an equipment rental store employee actually gets that lunch break.  This improper practice/policy results in rental store employees, such as Plaintiffs and the putative class members, not being paid overtime compensation for all hours worked over 40 in a workweek.

7. During the relevant time period of this lawsuit, Defendant employed and continues to employ hundreds of rental store employees who are similarly situated to Plaintiffs and to each other pursuant to the FLSA.

8. Like Plaintiffs, these other rental store employees are/were the victims of Defendant's company-wide practice/policy to (a) require/permit them to work off-the-clock in connection with preliminary and postliminary work activities, (b) not compensate them for all work performed in connection with Defendant's 24 hour service operations and (c) make improper lunch break deductions from employees' compensation.  Along with Plaintiffs, these putative class members are/were not paid overtime compensation for all hours worked over 40 during each and every workweek for the time period relevant to this lawsuit.

9. Plaintiffs seek certification of a FLSA collective action for all similarly situated equipment rental store employees who, like Plaintiffs, were not paid overtime compensation for all hours worked over 40 during each and every workweek for the time period relevant to this lawsuit.

10. Plaintiffs and the putative class members seek all back wages, liquidated damages, legal fees, costs and all other available remedies as a result of Defendant's violation of Plaintiffs' FLSA rights as shown by the facts.

## II.     THE PARTIES, JURISDICTION AND VENUE

### a.     Plaintiff Tony J. Winkler

11.     Plaintiff Winkler is a former employee of Defendant and is a natural person who resides within the Northern District of Texas.

12.     Plaintiff Winkler has standing to file this lawsuit.

13.     Plaintiff Winkler worked for Defendant at Defendant's equipment rental store located at 4305 Bryant Irving Road, Fort Worth, Tarrant County, Texas from approximately October 2007 to June 2011, and at Defendant's equipment rental store located at 412 East Airport Freeway, Irving, Dallas County, Texas from approximately June 2011 to June 2012.

14.     Plaintiff Winkler held several job titles for Defendant including customer service representative, dispatcher and assistant manager.  Plaintiff Winkler claims FLSA unpaid overtime wages for all job titles held as an employee of Defendant where he worked more than 40 hours in a workweek, but was not paid corresponding overtime compensation.

15.     Plaintiff was paid an hourly rate plus bonus compensation.

### b.     Plaintiff Victor P. Bonilla

16.     Plaintiff Bonilla is an employee of Defendant and is a natural person who resides within the Northern District of Texas.

17.     Plaintiff Bonilla has standing to file this lawsuit.

18.     Plaintiff Bonilla has worked for Defendant at Defendant's equipment rental store located at 412 East Airport Freeway, Irving, Dallas County, Texas from approximately December 2008 to present.

19. Plaintiff Bonilla's job title is driver and he has primarily worked for Defendant as an intrastate truck driver where he delivered goods and services in Texas in close proximity to his store in Irving, Texas.

20. Plaintiff Bonilla was paid an hourly rate plus bonus compensation.

### c. Putative Class Members

21. The putative collective action members are all current and former equipment rental store employees who work/worked for Defendant as customer service representatives, dispatchers, laborers, drivers and/or assistant store managers who are/were employed by Defendant from three years preceding the date this lawsuit was filed forward.

22. All of the putative collective action members are similarly situated to Plaintiffs and to one another, within the meaning of Section 216(b) of the FLSA.

### d. Defendant Sunbelt Rentals, Inc.

23. Defendant Sunbelt is a foreign for-profit corporation incorporated under the laws of North Carolina.

24. Sunbelt's headquarters/principal place of business is in Fort Mill, South Carolina.

25. Sunbelt maintains and operates equipment rental stores in numerous locations throughout the United States. In fact, Sunbelt's interactive equipment rental store locater map represents that Sunbelt has stores in approximately 35 states.[2]

26. On information and belief, Sunbelt maintains and operates in excess of 200 equipment rental stores in the United States.

27. Sunbelt is a covered "employer" pursuant to the FLSA.

---

[2] *See* http://www.sunbeltrentals.com/locations/ (Accessed Sep. 12, 2012).

28.     Sunbelt may be served with summons by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Suite 2900, Dallas, Texas 75201-4234.

### e.    Jurisdiction and Venue

29.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.  During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.  In fact, according to Defendant's Web site, it operates over 50 stores in Texas alone.[3]

30.     At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

31.     At all times relevant to this lawsuit, Defendant employed, and continues to employ, more than two employees.  In fact, Defendant admits on its Web site that it employs "over 5,000 people"[4] and that it maintains rental locations from "coast-to-coast."[5]

32.     At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.  For example, Defendant has two or more equipment rental store employees who regularly handle, sell/lease or otherwise work on goods and/or materials in their daily work operations that were moved in and/or produced for commerce.  Examples of such "goods and materials" include construction equipment, rental equipment, vehicles, trailers, computers, safety equipment, fuel, fluids for rental equipment, parts for rental equipment, office supplies, office equipment, telephone services, telephone equipment, internet services and internet equipment.

---

[3] *See* http://www.sunbeltrentals.com/locations/locations.aspx?state=TX&statename=Texas (Accessed Sep. 10, 2012).
[4] *See* http://www.sunbeltrentals.com/about/Careers.aspx (Accessed Sep. 10, 2012).
[5] *See* http://www.sunbeltrentals.com/locations/ (Accessed Sep. 12, 2012).

33. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

34. The Court has subject matter jurisdiction over this case based on federal question jurisdiction because Plaintiffs base their claims and the claims on behalf of the putative collective action members on federal law, 29 U.S.C. §§ 201, *et seq*.

35. Venue is proper in the United States District Court for the Northern District of Texas because Sunbelt maintains business operations in the Northern District of Texas.

36. Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas because Plaintiffs Winkler and Bonilla work(ed) at an equipment rental store of Defendant that is located within the Dallas Division.

### III.   FACTUAL BACKGROUND

37. Defendant is an equipment rental store business that operates equipment rental stores in dozens of states.[6]  Defendant's Web site states:

> [w]ith over $2 billion in equipment inventory, Sunbelt Rentals can help you get the job done.  We provide equipment rental solutions for the construction, industrial, municipal and homeowner markets. From large to small, heavy to light, look to Sunbelt Rentals for all your equipment needs.[7]

Defendant's Web site also states:

> Sunbelt Rentals, a wholly-owned subsidiary of Ashtead Group plc, is one of the largest equipment rental companies in the U.S. Based in Fort Mill, S.C., we serve the needs of a wide variety of customers – from commercial, residential, municipal, and specialized service industries to weekend do-it-yourselfers.[8]

---

[6] *Id.*
[7] *See* http://www.sunbeltrentals.com/equipment/ (Accessed Sep. 12, 2012).
[8] *See* http://www.sunbeltrentals.com/about/ (Accessed Sep. 12, 2012).

Defendant also advertises that it offers 24-hour emergency services.[9]

38.     Plaintiffs and the putative collective action members are/were equipment rental store employees of Defendant who worked for Defendant as customer service representatives, dispatchers, laborers, drivers and/or assistant store managers in Defendant's equipment rental stores throughout the United States.

39.     Defendant had a company-wide practice/policy to require/permit Plaintiffs and the putative class members to work "off-the-clock" whereby Plaintiffs and the putative class members were not compensated in compliance with the FLSA for all hours worked over 40 in a workweek.

40.     Defendant's typical store hours for customers were from 7:00 am to 5:00 pm Monday through Friday. Some stores had additional operations on Saturdays from 7:00 am to approximately 3:00 pm.

41.     Equipment rental store employees were generally not allowed to "clock-in" for pay purposes until the store opened for customers (generally 7:00 am) and were required to "clock-out" for pay purposes when the store closed for customers (generally at 5:00 pm Monday through Friday and 3:00 pm on Saturdays for stores with Saturday operations).

42.     However, Defendant required/permitted those employees to be present for work well in advance of the time store opened for customers – typically 30 minutes prior - to perform job activities that were required and/or necessary as a part of the employees' work and/or which were primarily for the benefit of the Defendant. In other words, if a store opened for customers at 7:00 am, equipment rental store employees usually began work at 6:30 am. Employees' workday commenced at that time as opposed to the time a store opened for customers. Such

---

[9] *See* http://www.sunbeltrentals.com/services/ (Accessed Sep. 12, 2012).

preliminary activities included getting the store ready to open for customers at 7:00 am, moving rental equipment out of the office/store, positioning rental equipment, servicing vehicles, servicing equipment, booting up computers, preparing paperwork and converting contracts.

43.     Similarly, Defendant would typically require/permit employees to work past the "clock-out" time at 5:00 pm – typically 5:30 pm or later - to complete services being rendered on behalf of customers and/or Defendant.  Such services included finalizing customer contracts, receiving returned rental equipment from customers, dispatching, positioning rental equipment, closing out paperwork, planning for the next business day, servicing vehicles, servicing equipment and shutting down the store.  Employees' workday ended at the time they completed all postliminary activities that were integral and indispensable parts of their principal work activities and/or were primarily for the benefit of the Defendant and/or Defendant's customers as opposed to the time the store closed for customers.

44.     Additionally, in connection with Defendant's 24-hour service operations, Defendant failed to compensate employees who performed "after hours" work for customers of Defendant when such customers cancelled/suspended services.  For example, a driver employee of Defendant would be dispatched to provide after-hours services and/or equipment for a customer of Defendant.  However, while that driver is working for Defendant to prepare and/or deliver the services and/or equipment to the customer, the customer might cancel the request for services and/or equipment.  Defendant has a practice and policy, in violation of the FLSA, to then not pay the employee so dispatched for his/her time worked preparing for and/or delivering the services and/or equipment in question.

45.     Furthermore, Defendant routinely required/permitted employees to work during their lunch breaks, but nevertheless deducted pay for that time period in violation of the FLSA.

46. Defendant employed, and continues to employ, many equipment rental store employees who are/were similarly situated to Plaintiffs with respect to job duties, hours worked and status as FLSA non-exempt employees. While some of those putative class members may have been paid on a salary basis, on information and belief, most of the putative class members were compensated on an hourly basis like the named Plaintiffs herein. However, whether paid hourly or by salary, all equipment rental store employees are similarly situated for purposes of FLSA collective action certification due to the nature of their primary job duties, hours worked and the common plan/policy of Defendant to deny them compensation for all hours worked/overtime compensation for all hours worked over 40 in a workweek.

47. Like Plaintiffs, these other equipment rental store employees are/were the victims of Defendant's company-wide practice/policy to (a) require/permit them to work off-the-clock in connection with preliminary and postliminary work activities, (b) not compensate them for all work performed in connection with Defendant's 24 hour service operations and (c) make improper lunch break deductions from employees' compensation.

48. Along with Plaintiffs, these putative class members are/were not paid overtime compensation for all hours worked over 40 during each and every workweek for the time period relevant to this lawsuit.

## IV. CONTROLLING LEGAL RULES

49. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

50. Plaintiffs and the putative collective action members were not "exempt" from the FLSA overtime laws.

51. On information and belief, Plaintiffs and the putative collective action members were classified as FLSA "non-exempt" employees by Defendant.

52. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

53. "Workweek" includes "all the time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place." 29 C.F.R. § 785.7.

54. "Workday" means "the period between the commencement and completion on the same workday of an employee's principal activity or activities." 29 C.F.R. § 790.6(a). Principal activities include "all activities which are an integral and indispensable part of the principal activities." *Steiner v. Mitchell*, 350 U.S. 247, 252-53 (1956).

55. An employee must be compensated for pre-and post-shift activities which are integral and indispensable to an employee's principal work activity or which are pursued primarily for the benefit of the employer. Examples include completion of paperwork and obtaining job assignments. *Mitchell v. King Packing Co.*, 350 U.S. 260, 263 (1956); *Dunlop v. City Elec., Inc.*, 527 F.2d 394, 401 (5th Cir. 1976).

56. Work not requested but suffered or permitted is "work time." 29 C.F.R. § 785.11.

57. When an employee is engaged to wait, that time is effectively not his or her own, and that time will be deemed "work" as a matter of law. *Skidmore v. Swift & Co.*, 323 U.S. 134, 137 (1944).

58. An employee must be completely relieved from duty in order for a meal break to qualify as a non-compensable bona fide meal period. 29 C.F.R. § 785.19(a).

59. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

60. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e). Bonuses and commissions must be included in the regular rate of pay.

## V.     FLSA CLAIM FOR OVERTIME PAY

61. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. §§ 201, *et seq*.

62. All conditions precedent to this suit, if any, have been fulfilled.

63. At all material times, Plaintiffs are/were employees under the FLSA. 29 U.S.C. § 203(e).

64. At all material times, the putative collective action members are/were similarly situated to the Plaintiffs and to each other and are/were employees under the FLSA. 29 U.S.C. § 203(e).

65. At all material times, Defendant was and is an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

66. At times, Plaintiffs and the putative collective action members worked in excess of 40 hours per seven-day workweek in the time period relevant to this lawsuit.

67. At all material times, Plaintiffs and the putative collective action members were and are entitled to overtime compensation at one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1).

68. The regular rate of pay must include non-discretionary bonuses for all hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(e); 29 C.F.R. § 778.210.

69. Defendant failed to pay Plaintiffs and putative collective action members overtime compensation at one and one-half times their regular rate of pay for all hours worked over 40 in each and every seven-day workweek.

70. Plaintiffs and the putative class members seek all compensation and damages due pursuant to the FLSA for uncompensated work time, including preliminary and/or postliminary work activities that are/were integral and indispensable parts of their principal work activities and/or were provided primarily for the Defendant's benefit and/or the benefit of Defendant's customers.

71. Plaintiffs and the putative class members seek all compensation and damages due pursuant to the FLSA for uncompensated work time related to "after hours" work performed in connection with Defendant's 24 hour service operations.

72. Plaintiffs and the putative class members seek all compensation and damages due pursuant to the FLSA for uncompensated work time related to improper lunch break pay deductions by Defendant.

73. Defendant's violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness). Plaintiffs and the putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward.

74. Defendant has not made a good faith effort to comply with the requirements of 29 U.S.C. § 260. Accordingly, Plaintiffs and the putative collective action members are entitled to liquidated damages.

75. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case).

76. Accordingly, Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) on behalf of "all current and former equipment rental store employees who are/were employed by Sunbelt Rentals, Inc. and who are/were not paid overtime compensation for all hours worked over 40 in any workweek in connection with (a) uncompensated pre-shift and post-shift work activities; (b) uncompensated work in connection with Sunbelt's 24 hour emergency operations; and/or (c) improper lunch break pay deductions when employees performed work during lunch."  The relevant time period for this class is three years preceding the date this lawsuit was filed forward.

77. Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or proceeding.

78. Plaintiffs further reserve the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI.   JURY DEMAND

79. Plaintiffs demand a jury trial.

## VII.   DAMAGES AND PRAYER

80. Plaintiffs ask that the court issue a summons for Defendant to appear and answer, and that Plaintiffs, and those persons similarly situated to Plaintiffs, be awarded a judgment against Defendant for the following:

    a. Actual damages in the amount of unpaid overtime wages;

    b. Liquidated damages under the FLSA;

    c. Pre-judgment and post-judgment interest;

    d. Court costs;

    e. Reasonable attorney's fees; and

-15-

    f.    All other relief to which Plaintiffs and those similarly situated to Plaintiffs are entitled.

        Respectfully submitted,

    By:    s/ Allen Vaught
        Allen R. Vaught
        Baron & Budd, P.C.
        State Bar No. 24004966
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas  75219
        (214) 521-3605 – Telephone
        (214) 520-1181 – Facsimile
        avaught@baronbudd.com

        ATTORNEYS FOR PLAINTIFFS